PER CURIAM:
Michael Spielvogel challenges on this appeal his convictions on Counts Four and Five of the indictment, and the sentences he received on these counts.
We previously have reviewed Spielvogel’s case. On October 2006, however, the district court granted Spielvogel relief pursuant to 28 U.S.C. § 2255. More specifically, the district court held that Spielvogel’s attorney mistakenly believed, at the time of the direct appeal of the convictions and sentences in 2001, that Spielvogel had not been sentenced on Counts Four and Five, and therefore, that he could not challenge these convictions and sentences. And, the court found, Spielvogel expressly asked his counsel to appeal. Therefore, the court said, relying upon Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), that counsel’s failure to appeal resulted in the denial of Spielvogel’s right to appeal as to Counts Four and Five. The remedy the § 2255 court fashioned was to vacate the most recent judgments and sentences to permit an out-of-time appeal. The court set aside the judgments of conviction and sentences and then reentered the judgments of conviction and the same sentences. (Opinion and order, R.6-379 at 1-14.) This appeal follows.
We have previously issued several opinions in this case. United States v. Pendergraft (Spielvogel I), 297 F.3d 1198 (11th Cir.2002); United States v. Spielvogel (Spielvogel II), No. 03-13135, 99 Fed.Appx. 881 (11th Cir. Mar. 3, 2004); and United States v. Spielvogel (Spielvogel III), No. 03-13135, 133 Fed.Appx. 738 (11th Cir. Mar. 14, 2005).
Spielvogel raises issues on this appeal that this court has addressed in previous opinions. We conclude that many of the issues raised are foreclosed by the law of the case.
Spielvogel contends that the district court erred at his resentencing by enhancing his sentence under USSG § 3C1.1 for obstruction of justice. Spielvogel’s counsel appealed following resentencing pursuant to the mandate in Spielvogel I, and we addressed and rejected on the merits this enhancement argument in Spielvogel II. “The law of the case doctrine (and, by implication, the mandate rule) *825 applies to findings made under the Sentencing Guidelines.” United States v. Amedeo, 487 F.Sd 828, 880 (11th Cir.2007). The § 2255 court’s order did not find his counsel on this appeal following resentencing to be deficient.
Spielvogel also contends that the district court abused its discretion in excluding the testimony of Dr. Caddy. His counsel made this argument—which related to all the counts—in his first appeal. We addressed it on the merits in Spielvogel I. The law of the case forecloses its presentation here.
Spielvogel argues that his convictions on Counts Four and Five were tainted by the spill-over prejudice from the Government’s argument that his false statements were motivated by the intention to commit the crime of extortion, a crime which this court found was not supported by the facts of this case. Given the fact that the § 2255 court found that Spielvogel was deprived of his right to appeal his Count Four and Count Five convictions, we will assume arguendo that the law of the case and mandate rules do not foreclose this argument. The argument is meritless. Evidence of conduct establishing motive for the offenses of conviction is relevant.
Lastly, Spielvogel contends: that there is plain error under Booker; that the Booker remedy is itself unconstitutional; that under Booker we should review his sentence for reasonableness; and that his sentence is unreasonable. United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We reviewed Spielvogel’s sentence in Spielvogel II and Spielvogel III, however, and he presented none of these arguments in those appeals. We explicitly said in Spielvogel III that “Spielvogel has abandoned his Apprendi/Blakely/Booker issue.” No. 03-13135, slip op. at 4. Nothing in the § 2255 court’s order requires that we revisit a sentence we affirmed in Spielvogel II and Spielvogel III, and the sentence before us is the same sentence. These arguments are also barred by the law of the case. See United States v. Escobar-Urrego, 110 F.3d 1556, 1560-61 (11th Cir.1997) (holding that an issue not raised on direct appeal of sentence is barred by the law of the case from presentation in a subsequent appeal).
Spielvogel’s convictions and sentences are AFFIRMED.